(50 Misc. Rep. 398.)

### SIMPSON v. LORSCH et al.

(Supreme Court, Special Term, New York County.　May, 1906.)

1. WILLS—ACTION TO ANNUL—PARTIES.

    In an action under Code Civ. Proc. § 2653a, to annul or determine the validity of a will, the person named as executor is not a proper party where he has not qualified, though he is charged in the complaint with being instrumental in bringing about the alleged fraudulent will.

    [Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, §§ 617, 618.]

2. SAME.

    Where the complaint in an action under Code Civ. Proc. § 2653a, makes the person named as executor a party, and the complaint does not show that he has not renounced his right, his demurrer on the ground that it does not show facts constituting a cause of action against him will be sustained.

Action by Adele Simpson against Jacob Lorsch, and others.　Demurrer sustained, with costs, with leave to amend complaint.

Louis Steckler, for plaintiff.

Max Stern, for defendant.

GILDERSLEEVE, J.　Demurrer by defendant Lorsch to the complaint on the grounds (1) that it does not state facts sufficient to constitute a cause of action against said defendant Lorsch; and (2) that there is a defect of parties in that the administration of Edmund H. Ingersoll, who died intestate after the death of the testatrix, Fannie H. McGavic, was not made a party defendant.　The action is brought under section 2653a of the Code to determine the validity of the will of said Fannie H. McGavic, deceased.　This statute requires as necessary parties to the action "all the devisees, legatees, and heirs of the testator and other interested persons, including the executor or administrator."

The defendant Lorsch was named in the will as one of the executors, but up to the commencement of the action had not qualified as such executor.　The other executor, the defendant Meding, however, has duly qualified.　Until said Lorsch has qualified as such executor he has no authority under the will (section 2613 of the Code), and is not a necessary party to an action against the executors in their representative capacity.　Code, § 1818.　He is also charged in the complaint, individually, with being instrumental in bringing about the alleged fraudulent will of said Fanny H. McGavic, deceased.　However, as he has no interest in the subject-matter of the action, being neither a beneficiary under the will nor in any way related to the said testatrix, the allegation of fraud in the complaint does not make him a necessary party to the action in his individual capacity.　Seiferd v. Mulligan, 36 App. Div. 34, 55 N. Y. Supp. 140.　It is urged, however, that, while he is not a necessary party as yet, he is a proper party to the action in view of the fact that he might, at any time, so far as the complaint shows, qualify as such executor and, thereupon, become a necessary party to the action, having been named as one of the executors in the will.　Such a theory is untenable.　For all the complaint shows, he may have formally renounced his right to qualify as such executor; and,

in any event, at the time of the commencement of the action, he was not a proper party to the action. I don't think the plaintiff is warranted in anticipating that Lorsch will qualify at some subsequent time and thereby become a necessary party. She must take the facts as they exist at the time the complaint is drawn and the action commenced. It seems to me that, as to the defendant Lorsch, who is the only defendant demurring to the complaint, the demurrer must be sustained on the ground above indicated.

The second ground of the demurrer is that Edmund H. Ingersoll, who was one of the heirs and next of kin of the said testatrix, died after the testatrix, intestate, and the administrator of his estate has not been made a party to this action. It appears, however, that no administrator has been appointed, and that the only heirs and next of kin of said Ingersoll, deceased, have been made parties defendant to this action. The defendant Lorsch urges that the administrator of said Ingersoll, deceased, is a necessary party, as no money could be paid to his heirs and next of kin except through such administrator; and that, should money be paid to said heirs, upon taking releases from them, the creditors, if any, of said Ingersoll might have an administrator appointed, and another action could be begun by him. The said defendant claims, therefore, that plaintiff should have had an administrator appointed, under the power conferred by section 2660 of the Code, if the heirs of said Ingersoll neglected to do so. I am inclined to agree with this contention. In view, however, of the decision already reached, as above indicated, a decision on this branch of the case is unnecessary, so far as Lorsch is concerned, and it might have a bearing upon the other defendants who have not joined in this demurrer. I, therefore, base this decision upon the ground that Lorsch is not a proper party to the action. The demurrer of said defendant Lorsch is sustained, with costs, and with leave to plaintiff to amend the complaint.

Demurrer sustained, with costs, with leave to plaintiff to amend complaint.